No. 20,745.

WILLIAM SCHAAKE et al., *Appellants*, v. GUS H. BRUNE et al., as The Board of County Commissioners of the County of Douglas, and THE MISSOURI VALLEY BRIDGE & IRON COMPANY, *Appellees*.

SYLLABUS BY THE COURT.

1. COUNTY BRIDGE—*Commissioners Authorized to Construct Street Railroad Tracks as Part of Bridge*. When building a county bridge, a board of county commissioners is authorized to construct, as part of the bridge, railroad tracks to be used in transporting street railway, interurban, and railroad cars.

2. SAME—*Limit of Cost to County—Not to Exceed $200,000*. Under chapter 71 of the Laws of 1913, a board of county commissioners may build a bridge costing more than $200,000, where interested parties contribute to the expense of its construction so that the total amount to be collected by taxation is reduced to $200,000.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed October 7, 1916. Affirmed.

*W. E. Emick*, of Lawrence, for the appellants.

*J. S. Amick*, county attorney, and *C. F. W. Dassler*, of Leavenworth, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs seek to enjoin the defendants from building a bridge across the Kansas river at Lawrence. Judgment was rendered in favor of the defendants and the plaintiffs appeal.

1. After properly submitting the question to the voters of Douglas county, the board of county commissioners of that county determined to build a cement bridge across the Kansas river at Lawrence, under chapter 71 of the Laws of 1913. The

board made provision for the bridge to carry telephone and telegraph wires, gas and water pipes, and for the construction, on the bridge, of a railroad track to be used in the transportation of street railway, interurban, and railroad cars. The plaintiffs contend that the commissioners had no authority to build such railroad tracks.

A bridge is a part of a public highway. It may connect parts of a street or of a public road, or a street and a public road. A board of county commissioners has the same authority in constructing a bridge as it has. in building a public road. Gas mains may be laid in public roads. (*La Harpe v. Gas Co.*, 69 Kan. 97, 76 Pac. 448.) Telephone lines may be constructed and maintained on public roads. (*McCann v. Telephone Co.*, 69 Kan. 210, 76 Pac. 870, 66 L. R. A. 171.) Public roads must now be constructed to carry loads and vehicles that were unthought of one hundred years ago. They must now be so constructed as to accommodate present means of transportation. This requires stronger bridges and more solid masonry. Heavy engines, cars and automobiles are constantly on all public highways. Automobiles and traction engines have become everyday necessities. Electric railroads are being built in streets and on and along public roads. Street railroads are necessary for the existence of modern cities. Interurban railroads are becoming a public necessity. Under these circumstances it was proper for the board of county commissioners of Douglas county to take into consideration the needs of the people of that county and of the city of Lawrence, and to build a bridge that will accommodate all kinds of travel and transportation. The board had authority to build a railroad track on the bridge.

2. The plaintiffs insist that the bridge will cost more than $200,000. The commissioners contracted with The Missouri Valley Bridge & Iron Company to build the bridge complete with the railroad tracks for $199,910. Another contract was made by which the commissioners agreed to pay engineers $10,000 for work in connection with designing and constructing the bridge. There were other expenses amounting to several hundred dollars. These items make the entire cost of the bridge about $211,000.

One span of the bridge will cross the Santa Fe railway tracks. That railroad has agreed to pay $14,359.19 as its pro

rata share of the expense of constructing the bridge. Deducting this sum from the entire cost of the bridge leaves the amount to be paid by Douglas county less than $200,000. In *Anderson v. Cloud County,* 83 Kan. 419, 111 Pac. 464, this court said:

"Section 655 of the General Statutes of 1909, authorizing county commissioners to make an appropriation of $4000 to build or repair a bridge and requiring an affirmative vote of the electors before a greater sum may be appropriated, does not preclude the building of a bridge which costs more than $4000, without a vote of the electors, where another municipality and other interested parties contribute so much of the cost of the bridge as exceeds $4000, and where no more than $4000 of the funds of the county is appropriated for that purpose." (Syl. ¶ 1.)

This principle in *Anderson v. Cloud County* is controlling in the present case.

Section 2 of chapter 71 of the Laws of 1913 reads:

"The money so collected by the levy of the tax as provided in section one of this act, shall be known as the special bridge fund, and shall never exceed the sum of two hundred thousand dollars, for the construction of any one bridge and its necessary approaches."

This statute does not restrict the cost of the bridge, but limits the amount that may be raised by taxation for its construction. The plans and specifications contain this provision, as found in the opinion of the trial court:

"The maximum amount which the county is authorized by the law to expend from the county treasury for the construction of this bridge, is $200,000.00, to be raised by a tax levy. More than one-half of this amount has been collected and it is expected that the Santa Fe Railway Company will contribute an extra sum, and if such contribution is made, a sum available will be in excess of it . . . but in no event will the amount expended from the county treasury exceed the sum of $200,000.00 and bidders must take this into account in preparing their tender."

Under this provision of the contract the county can not be compelled to pay more than $200,000 for the construction of the bridge. The entire cost to Douglas county will not amount to $200,000.

The judgment is affirmed.